PIC REALTY CORPORATION and Tejano Farms Delaware, Inc., Individually and Co–Joint Venturers of Tejano Farms Joint Venture, Appellants,

v.

SOUTHFIELD FARMS, INC., and Easterwood Farms, Ltd., Appellees.

No. 13–91–003–CV.

Court of Appeals of Texas, Corpus Christi.

May 7, 1992.

Kemper Stephen Williams, III, Victoria, for appellants.

Robert L. Joseph, Sinton, for appellees.

Before NYE, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a judgment for a tenant against a landlord for work done on leased farmland during the term of a lease. The judgment is founded on quantum meruit. The landlords, PIC Realty and Tejano

Farms[1], complain by six points of error that the trial court erred by submitting issues and instructions, by admitting evidence of custom and usage, and by submitting the improper measure of damages. Appellants also contend that legally and factually insufficient evidence exists to support the verdict. We affirm.

In December 1986, Don Easterwood, owner and operator of Southfield Farms, Inc., and Easterwood Farms, Inc.[2], leased over 5,000 acres of farmland from appellants in two one-year leases. During the term of these leases, Easterwood farmed the land, harvested the crops, and began to prepare the land for the next year's crops. He and appellants then started negotiating to renew the leases, while Easterwood continued to work on the property. The parties did not renew the leases, and when the existing leases expired, Easterwood quit the property.

Easterwood sought compensation from appellants for the services and materials he furnished in preparing the land for planting after his crops had been harvested. Easterwood sued, alleging quantum meruit, fraud, and promissory estoppel. The jury found in favor of Easterwood on all causes of action, but awarded no additional damages for fraud and promissory estoppel. The court based recovery solely on quantum meruit. This appeal resulted.

■ By point one, appellants complain that the court submitted a jury instruction that omitted necessary elements of quantum meruit. In particular, they contend that the instruction failed to include two essential requirements: 1) that Easterwood show that they performed work for the parties to be charged (PIC), and 2) that circumstances reasonably notified PIC that Easterwood expected to be paid for services rendered. Appellants properly objected to the instruction pursuant to Tex.R.Civ.P. 272 and 274.

■ The elements of quantum meruit are: 1) valuable services were rendered or materials furnished 2) for the person

sought to be charged, 3) which services and materials were accepted by the person sought to be charged, and used and enjoyed by him 4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged. *Vortt Exploration Co. v. Chevron U.S.A., Inc.,* 787 S.W.2d 942, 944 (Tex.1990); *Bashara v. Baptist Memorial Hosp. Sys.,* 685 S.W.2d 307, 310 (Tex.1985); *City of Corpus Christi v. Acme Mechanical Contractors, Inc.,* 736 S.W.2d 894, 898 (Tex.App.—Corpus Christi 1987, writ denied).

The issue and instruction submitted to the jury read,

Did Easterwood perform compensable services for [appellants]?

One party performs compensable services if these services confer a benefit on another party who knowingly accepts them and if the party accepting them should have known that the performing party expects to be paid for the services.

Appellants contend that the instruction misstates the quantum meruit standard in that it does not require a finding that the work was done for the parties sought to be charged, or that the performing party notified the accepting party that it expected to be paid. Requiring that valuable services be rendered for and accepted by the parties sought to be charged is substantially similar to requiring that the services performed conferred a benefit on the parties who knowingly accepted them, if the accepting parties should have known that the performing parties expected to be paid.

The definition was also adequate with regard to notification of expectation of payment, as findings of what appellants "should have known" and what "circumstances reasonably notified" appellants of Easterwood's expectation of payment are substantially similar. The trial court did not abuse its discretion by submitting this definition to the jury. Point one is overruled.

---

1. All appellants will be collectively referred to as "PIC."

2. All appellees will be collectively referred to as "Easterwood."

■ By their second point of error, appellants assert that the trial court erred by submitting jury questions regarding quantum meruit and unjust enrichment. Appellants contend that a valid contract covers the subject matter of the suit here, thus wholly precluding recovery in quantum meruit, and that unjust enrichment is not an independent ground of recovery.

Question 2 of the charge inquired whether the elements of quantum meruit were found by the jury. There was no objection to that question on the basis that recovery in quantum meruit was precluded by an existing express contract. Error, if any, predicated on that ground, has not been preserved for our review.

■ Regarding the last part of the second point of error, unjust enrichment does not provide an independent basis for a cause of action. *City of Corpus Christi v. S.S. Smith & Sons Masonry, Inc.,* 736 S.W.2d 247, 250 (Tex.App.—Corpus Christi, 1987, writ denied); *LaChance v. Hollenbeck,* 695 S.W.2d 618, 620 (Tex.App.—Austin 1985, writ ref'd n.r.e.). Unjust enrichment is an equitable principle that generally characterizes the situation when one party receives benefits under an implied or quasi-contract, but fails to pay for them or to make restitution, so that it would be unjust to retain benefits for which it had not paid. *S.S. Smith & Sons,* 736 S.W.2d at 250.

■ The trial court has great discretion in submitting special issues to the jury; the issues need only fairly submit disputed questions for the jury's determination. *Baker Marine Corp. v. Moseley,* 645 S.W.2d 486, 489 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). There was a question whether PIC benefitted from Easterwood's post-crop cultivation, and unjust enrichment is closely related to its kinsman in equity, quantum meruit. Its submission was not an abuse of discretion. We overrule point of error two.

■ By point six, appellants contend that the court improperly admitted evidence of custom and usage to show appellees' expectation of payment.

The lease was silent as to the tenant's obligation to prepare the fields for the next crop other than to cut and plow-under the stalks and stubble from the prior crop. Easterwood testified that he cut, plowed, disked and otherwise prepared the land for the next year's crops, after the prior crops were harvested, and kept records of the number of times he crossed the fields performing those duties. He allocated a value to those services.

Don Easterwood was asked his understanding of the general farming custom in Jackson County and South Texas for reimbursement when a tenant completes his harvest and starts preparation for the next crop year, but is unable to plant the crop. He stated that if a farmer is not able to continue to farm a piece of land and a new tenant leases that land, the farmer is usually compensated for any work that he has done. Easterwood stated that this has happened to him twice in Jackson County; that he has paid the prior tenant or landlord for field work that had already been done in preparation for the next crop.

Two other witnesses testified that it is a Jackson County custom for a landowner to reimburse a tenant who does land preparation work after his lease expires or before a new lease is entered into, when that tenant does not re-lease the farm land for the next year.

■ Although appellants properly objected to the introduction of this evidence at trial, they make several new objections to the evidence on appeal. The appellants may not expand a ground of error on appeal to include an objection not made at trial. *Pfeffer v. Southern Texas Laborers' Pension Trust Fund,* 679 S.W.2d 691, 693 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Motor 9, Inc. v. World Tire Corp.,* 651 S.W.2d 296, 301 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.); *Texas Imports v. Allday,* 649 S.W.2d 730, 736 (Tex.App.—Tyler 1983, writ ref'd n.r.e.).

The only arguments which are consistent both at trial and on appeal are: 1) the appellees did not plead that the contract was ambiguous, and 2) this case does not

involve any type of transaction in which trade usage would be applicable. Those objections have been preserved for review on appeal and will be addressed.

By seeking to recover in quantum meruit, appellees sought to recover under an implied or quasi-contract. The existence of an express contract between the parties does not bar recovery of the value of those services rendered and accepted which are not covered by the contract. *Black Lake Pipe Line Co. v. Union Constr. Co., Inc.,* 538 S.W.2d 80, 86 (Tex. 1976). When there is an express contract and recovery is sought in quantum meruit, the issue is whether the contract covers the services for which recovery is sought. *Black Lake Pipe Line Co.,* 538 S.W.2d at 86. Easterwood alleged performance under an implied contract rather than an express one. That the express contract is not ambiguous, or so pled, would not necessarily preclude evidence of the implied contract. Appellant's objection that there was no pleading that the contract was ambiguous was properly overruled.

Appellant's second objection is that the case does not involve any type of transaction in which trade usage would be applicable. This is essentially a relevancy objection.

TEX.BUS. & COM.CODE ANN. § 1.205(b) (Vernon 1968) defines "usage of trade" as any practice or method of dealing having such regularity of observance in a place, vocation, or trade as to justify an expectation that it will be observed with respect to the *transaction* in question. The definition does not limit itself to particular types of transactions. Section 1.205(e) further requires that an applicable usage of trade shall be used when interpreting the agreement with regard to that part of the performance in question. Appellants maintained throughout the trial that they did not have an agreement with Easterwood to compensate them for the services they performed.

The fact that it was the custom in the area to compensate a tenant for work done in the fields in preparation for the next year's crop is relevant to a determination of whether PIC should have known that Easterwood sought to be compensated for those services. The evidence was properly admitted by the trial court. Point of error two is overruled.

Point of error three questions whether legally or factually sufficient evidence exists to support the. jury's finding that Easterwood performed compensable services for appellants. In determining whether the evidence is legally sufficient, we consider only that evidence that tends to support the verdict, while in determining the factual sufficiency of the verdict, we review all of the evidence, both that supporting and that opposing the matter found by the jury, and determine whether the finding is so against the great weight of the evidence that it is manifestly unjust. *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 634–35 (Tex.1986); *Dyson v. Olin Corp.,* 692 S.W.2d 456, 457 (Tex.1985); *Glover v. Texas Gen. Indem. Co.,* 619 S.W.2d 400, 401 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965); Calvert, *No Evidence and Insufficient Evidence Points of Error,* 38 TEX.L.REV. 361 (1960). Applying these standards to the particular issue at hand, we will determine if legally and factually sufficient evidence supports the finding that Easterwood performed these services for the benefit of appellants.

The evidence shows that Easterwood initially readied the farmland for planting for his own benefit, in hopes that he would be able to re-lease this property, thus reaping the benefits of gaining a head start on harvest preparations. However, Easterwood was also aware that pursuant to farming customs in the area, he would be compensated for any work he performed on the property after harvest should he fail to re-lease the land. In that case, Easterwood knew that he would be conferring a benefit on either the landlord or the next tenant. He therefore prepared the land for planting with the knowledge that his work would benefit appellants should he be unable to re-lease, as here. There is sufficient evidence to support the finding. We overrule point of error three.

Appellants allege by point four that the evidence is legally or factually insufficient to support the jury's finding of fraud and promissory estoppel. However, appellees only recovered the value of their services in quantum meruit, interest, and attorney's fees. Appellees received no extra damages for fraud and promissory estoppel. Therefore, any errors in these jury findings are not dispositive here. We overrule point four.

By point five, appellants contend that the court erred by submitting a question using an improper measure of damages. The question reads, "what sum of money, if any would fairly and reasonably compensate Easterwood for their work done, if any and management expense, if any?" However, appellants failed to object to the submission of the question at trial. Failure to tender an objection to a question regarding damages results in a waiver of the error on appeal. *Corpus Christi Bank & Trust v. Roberts*, 587 S.W.2d 173, 186 (Tex.Civ.App.—Corpus Christi 1979), *aff'd*, 597 S.W.2d 752 (1980); *Tom Benson Chevrolet, Inc. v. Alvarado*, 636 S.W.2d 815, 823 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.); *Guerra v. Brumlow*, 630 S.W.2d 425, 429 (Tex.App.—San Antonio 1982, no writ).

Nevertheless, appellants contend that the proper measure of damages was the increased value of their land as a result of the services appellees performed. In support of this argument, appellants assert that Easterwood testified about the permanent improvements he made, increasing the value of the land. Appellants maintain that appellees admitted no evidence of such increase in land value, showing only expenses incurred. The proper measure of damages in a quantum meruit action, however, is the reasonable value of the services rendered and materials furnished by the complaining party. *Acme Mechanical*, 736 S.W.2d at 898; *see Bashara*, 685 S.W.2d at 308; *City of Ingleside v. Stewart*, 554 S.W.2d 939, 946 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). In the seminal quantum meruit cases in Texas, including *Acme Mechanical, Bashara,* and *Stew-*

*art*, this "value" is construed to mean the expenses incurred while providing those services and materials. Payment need not be monetary but may be entry into an agreement with the party for whom the services are being done, as with the joint operating agreement at issue in *Vortt*, 787 S.W.2d at 945, or the option to purchase an apartment complex in *Campbell v. Northwestern Nat'l Life Ins. Co.*, 573 S.W.2d 496, 498 (Tex.1978).

Appellees contended in their Second Amended Original Petition that they incurred expenses for field work and management when preparing the land for the coming crop year. Appellees prayed only for reimbursement of the expenses they incurred. Appellees admitted a detailed list of expenditures accrued while rendering the field-work services, which included not only labor costs but also the necessary management fees which accrued during that time. The expenses also correctly included the cost of materials used while preparing the land for planting.

While Easterwood testified about the permanent improvements he made on the appellants' land, he did so in order to provide an example of how appellees' services benefitted appellants. Appellees did not specifically pray for damages based upon permanent land improvement. The measure of damages submitted to the jury here complied with the quantum meruit standard of recovery, that is, the expenses incurred while providing services and materials. We overrule point of error five.

The judgment of the trial court is AFFIRMED.