11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Bowles Construction Company 

Appellant 

Vs.                   No.
11-02-00079-CV -- Appeal from Comanche County

Vernon Bridwell d/b/a Tri-State Mechanical 

Appellee

 

This is an
appeal from a judgment in favor of Vernon Bridwell d/b/a Tri-State Mechanical
in a pipeline construction case.  A jury
awarded damages under a theory of quantum meruit.  The jury also awarded attorney=s fees.  Because we find that
the evidence was factually and legally sufficient to support the awards, we
affirm.  








Upper Leon
River Municipal Water District (Water District) awarded Bowles Construction
Company a 1.6 million dollar contract which, among other things, provided for
the construction of a 15-mile pipeline from Comanche into De Leon.  Vernon Bridwell, owner of Tri-State
Mechanical, contacted Bowles Construction Company and indicated an interest in
performing the pipeline part of the project. 
The parties met in Houston to discuss the job and to determine whether
Bridwell could do the work.  Later, R.
E. (Potter) Bowles, Bridwell, and Bridwell=s superintendent met in Comanche to discuss a contract for the pipeline
project.  The three drove to the job
site from Comanche to De Leon looking at the area where the pipeline would be
laid.  During this time, the three
discussed the type of sub-surface to be dug. 
The surface appeared to be sandy peanut farms.  The Water District had drilled test holes along the pipeline
right-of-way, and the bore logs showed no rock in the area.  The three agreed that a contractor could dig
about 1,000 feet a day.  After driving
the route and discussing the bore logs and the project, Bowles Construction
Company and Bridwell entered into an oral contract for $2.90 per lineal foot.
Bridwell=s crew began work in November 1996.  Shortly after beginning digging, the crew
ran into rock.  Bridwell=s crew did not have the proper equipment to
dig in rock.  Both Bridwell and Bowles
testified that Bridwell informed Bowles Construction Company of the rock
problem.  At Bowles Construction Company=s direction, Bridwell then moved to another
location on the pipeline project, and the digging went fairly easily into Comanche.
The crew then returned to where it first encountered rock but could not dig the
rock with the equipment they had. 
Bridwell testified that he spoke with Bowles and again told him of the
problem.  Bridwell testified that Bowles
told him to get rock equipment to dig the rock and that they would settle up at
the end of the job.  Bowles denied
making such a statement to Bridwell.

Bridwell
finished the job in November 1997.  The
superintendent for Bridwell testified that Bridwell dug about 17,038 lineal
feet of rock.  An estimator for Bridwell
testified that $10 per lineal foot is a reasonable charge for digging
rock.  By their answer, the jury found
that Bowles Construction Company had knowledge that Bridwell had expended extra
labor and expected to be paid for that labor. 
The jury also found that Bowles Construction Company committed no
fraud.  The jury awarded Bridwell
$70,266 as damages under a quantum meruit theory.  The jury also awarded attorney=s fees to Bridwell.   

In its
first point of error, Bowles Construction Company argues that, because there
was an express contract between the parties that covered all work necessary to
complete the job and because the jury found that there was no fraud on the part
of Bowles Construction Company, Bridwell cannot recover under quantum
meruit.  

A party
cannot recover under quantum meruit if the subject matter is covered by an
express contract unless there is a finding of fraud.  Truly v. Austin, 744 S.W.2d 934 (Tex.1988).  If there is no contract or if there is a
contract and fraud exists, a party may recover under the theory of quantum
meruit if it is shown that valuable services were rendered or materials
furnished for the person sought to be charged; that the services and materials
were accepted by the person sought to be charged and were used and enjoyed by
him; and that the circumstances reasonably notified the person sought to be
charged that the claimant in performing such services was expecting to be paid
by the person sought to be charged. 
Vortt Exploration Company, Inc. v. Chevron U.S.A. Inc., 787 S.W.2d 942
(Tex.1990).








In
reviewing a legal insufficiency claim, the court must consider only the
evidence and inferences supporting the judgment and disregard all the evidence
and inferences to the contrary.  Leitch
v. Hornsby, 935 S.W.2d 114 (Tex.1996). 
A legal sufficiency point will be sustained when:  (a) there is a complete absence of evidence
of a vital fact; (b) the court is barred by rules of law or of evidence from
giving weight to the only evidence offered to prove a vital fact; (c) the
evidence offered to prove a vital fact is no more than a mere scintilla; or (d)
the evidence conclusively establishes the opposite of a vital fact.  Merrell Dow Pharmaceuticals, Inc. v. Havner,
953 S.W.2d 706, 711 (Tex.1997), cert. den=d, 523 U.S. 1119 (1998).  A legal
insufficiency challenge must be overruled if the record contains any evidence
of probative force to sustain the finding. 
Leitch v. Hornsby, supra.  When
reviewing a factual insufficiency challenge, the court must consider, weigh,
and examine all of the evidence which supports or undermines the jury's
finding.  Plas‑Tex, Inc. v. U.S.
Steel Corporation, 772 S.W.2d 442, 445 (Tex.1989).  It is the jury's role to judge the credibility of the evidence,
to assign the weight to be given to testimony, and to resolve inconsistencies within
or conflicts among the witnesses= testimony.  Corpus Christi Area
Teachers Credit Union v. Hernandez, 814 S.W.2d 195, 197 (Tex.App. ‑ San
Antonio 1991, no writ).  The verdict
will be set aside only if the evidence, standing alone, is too weak to support
the finding or if the finding is so against the overwhelming weight of the
evidence that it is manifestly unjust and clearly wrong.  Cain v. Bain, 709 S.W.2d 175 (Tex.1986).








The jury
found that Bowles Construction Company committed no fraud and awarded damages
based on the finding that there was not an express contract.  Bowles Construction Company argues that the
subject matter of the oral agreement entered into by the parties was the laying
of a pipeline regardless of whether in dirt or rock.  Further, it argues that digging rock was necessary for the
completion of that contract.  We
disagree.  In determining the existence
and contents of an oral contract, the court looks to the communications between
the parties and to the acts and circumstances surrounding those
communications.  Wiley v. Bertelsen, 770
S.W.2d 878, 882 (Tex.App. ‑ Texarkana 1989, no writ).  The testimony concerning the communications
and circumstances existing at the time the oral contract was entered supports a
finding that the contract related to dirt only.  Before entering into the agreement, the parties discussed the
surface to be dug.  The bore logs had
shown no rock in the area.  The surface
appeared to be only dirt.  The contract
price of $2.90 per lineal foot was a reasonable contract price for digging
dirt.  Therefore, having reviewed the
record, we conclude that there was sufficient evidence for the jury to find
that there was an agreement to dig dirt only and that there was not an express
contract for digging rock.  Therefore,
an award under quantum meruit was proper even without a finding of fraud.  Bowles Construction Company=s first point of error is overruled.

In its
second point, Bowles Construction Company argues that there was insufficient
evidence to find that it knew that Bridwell expected to be paid extra for
digging rock.  There is testimony in the
record which shows that Bridwell told Bowles Construction Company about the
presence of rock.  There is also
testimony that  Bowles Construction
Company represented to Bridwell on the phone and in person that Bowles
Construction Company would pay for the extra expense of digging rock.  Determining the credibility of the evidence
and the weight to be given to it is within the sole province of the jury that
had the opportunity to observe the witnesses= demeanor on the stand; and, if sufficient evidence exists to support
the jury=s findings, they will not be
disregarded.  In re Barr, 13 S.W.3d 525
(Tex.1998).  Having reviewed the
evidence, we conclude that the evidence sufficiently supports the jury=s finding that Bowles Construction Company
had notice that Bridwell expected to be paid for the extra work of digging
rock.  Bowles Construction Company=s second point of error is overruled.

            In
Bowles Construction Company=s third point of error, it argues that the trial court erred because
the proper measure of damages was not included in the charge and because there
was not sufficient evidence to support the award of damages to Bridwell.  A judge has broad discretion in submitting
issues in the jury charge.  Pic Realty
Corporation v. Southfield Farms, Inc., 832 S.W.2d 610 (Tex.App. - Corpus
Christi 1992, no writ).  Error in the
jury charge is reversible only if, in light of the entire record, it probably
caused the rendition of an improper judgment. 
TEX.R.APP.P. 44.1(a)(1).  The
proper measure of damages in quantum meruit is the reasonable value of the
services rendered and materials furnished by the complaining party.  Pic Realty Corporation v. Southfield Farms,
Inc., supra.

The jury
charge in this case read:  AWhat is the reasonable value of such
compensable work at the time and place of performance?@ 
Bowles Construction Company objected at trial that this was not the
proper measure of damages.  However, we
find that, even if the issue was not the proper measure of damages, it was so
close to the proper measure of damages that it could not have caused the
rendition of an improper verdict.  








In
addition, Bowles Construction Company argues that there was insufficient
evidence regarding the damages.  We
disagree.  Bridwell=s estimator testified to the formula used to
calculate the expenses incurred by Bridwell for digging rock.  There was uncontroverted testimony at trial
that the cost of digging in rock was $10 per lineal foot.  Also, there was uncontroverted testimony at
trial that Bridwell dug through 17,038 feet of rock.  There was not another formula offered into evidence on how to
calculate the value of the services rendered by Bridwell.  The record supports the jury finding of
$70,266 as the reasonable value of the work done under a theory of quantum
meruit.  Bowles Construction Company=s third point of error is overruled.

In the
fourth point of error, Bowles Construction Company challenges the award of
attorney=s fees as improper because Bridwell did not
present its claim at least 30 days prior to filing suit.  The general attorney=s fees statute provides that a litigant who
establishes a valid claim may recover reasonable attorney=s fees in addition to the amount of the
claim.  TEX. CIV. PRAC. & REM. CODE
ANN. ' 38.001 (Vernon 1997).  A party must follow the procedure set out in
TEX. CIV. PRAC. & REM. CODE ANN. ' 38.002 (Vernon 1997).  The
party must be represented by an attorney. 
The party must present a claim to the opposing party, and payment for
the just amount owed must not be tendered before the expiration of the 30th day
after the claim is presented.  Section
38.002.  Various forms of presentment,
including both oral and written demands, have been held to be sufficient to
support an award of attorney=s fees.  Jones v. Kelley, 614
S.W.2d 95 (Tex.1981).  The purpose of
the requirement for presentment of a claim is to allow the person against whom
a claim is asserted an opportunity to pay a claim without incurring an
obligation for attorney=s fees.  One does not need to
present its claim before filing suit. 
Shearer v. Allied Live Oak Bank, 758 S.W.2d 940 (Tex.App. - Corpus
Christi 1988, writ den=d);
Mackey v. Mackey, 721 S.W.2d 575 (Tex.App. - Corpus Christi 1986, no writ);
Western Casualty and Surety Company v. Preis, 695 S.W.2d 579, 589 (Tex.App. -
Corpus Christi 1985, writ ref=d n.r.e.).  The statute further
provides that it is to Abe liberally construed to promote its underlying purposes.@  TEX.
CIV. PRAC. & REM. CODE ANN. ' 38.005 (Vernon 1997).  








Here, the
record shows that Bridwell requested payment for the extra services on the
phone twice.  Bridwell talked to Bowles
Construction Company=s
assistant.  Bowles Construction Company
received an invoice from Bridwell showing the amount owed on the dirt
contract.  Invoices constitute
sufficient demand for payment on a claim for services rendered, labor done, and
material furnished.  De Los Santos v.
Southwest Texas Methodist Hospital, 802 S.W.2d 749 (Tex.App. - San Antonio
1990, no writ); Roylex, Inc. v. Avco Community Developers, Inc., 559 S.W.2d 833
(Tex.Civ.App. - Houston [14th Dist.] 1977, no writ).  Also, Bridwell made a formal written demand to Bowles
Construction Company on August 27, 2001. 
These communications represent sufficient presentment of Bridwell=s claim. 
The fourth point of error is overruled.

The
judgment of the trial court is affirmed.

 

                                                                                                JIM
R. WRIGHT

 JUSTICE

 

November 7, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.