R.W. TAMPLEN, Trustee, Appellant,

v.

Arlie BRYEANS and Robert J. Wilson, Trustee, Appellees.

No. 10–82–054–CV.

Court of Appeals of Texas, Waco.

Sept. 23, 1982.

Rehearing Denied Oct. 21, 1982.

George D. Jones, Abilene, for appellant.

Robert J. Wilson, pro se and Robert J. Wilson & Associates, Inc., Burleson, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Tamplen from take-nothing judgment in a suit to set

aside a foreclosure sale under a deed of trust.

In August 1974 defendant Bryeans conveyed 69 acres of land in Johnson County to plaintiff. Plaintiff executed a note for a part of the purchase price. The note was secured by a deed of trust to one Biles as trustee for Bryeans, and provided for 5 annual interest only payments due August 19, of each year.

The August 19, 1979 interest payment was not made when due and Bryeans employed Wilson, an attorney, to collect the note and foreclose the deed of trust. On *December 3, 1979* notices were posted for a foreclosure sale to take place on January 1, 1980. On *December 8, 1979* Bryeans signed a notarized document entitled "Appointment of Substitute Trustee", which recited the original trustee had refused to act and had certified that fact to Bryeans; and then appointed Wilson Substitute Trustee. On December 26, 1979, plaintiff tendered to Bryeans a $5,000.00 cashier's check for the annual interest payment due August 19. Bryeans took the check but told plaintiff's agent the tender was insufficient by $177.98. Foreclosure took place on January 1, 1980, resulting in sale of the property to Bryeans. Three days after the foreclosure sale plaintiff tendered a check for $177.98. Defendant returned both the $5,000.00 and $177.98 checks to plaintiff.

Trial was to the court which rendered judgment plaintiff take nothing.

Plaintiff appeals on 8 points, asserting among other matters the trial court erred in not setting aside the substitute trustee's deed because: 1) there was no compliance with Article 3810 VATS, and such failure to comply renders the sale ineffective as a matter of law; and 2) the note secured by the deed of trust was never properly accelerated.

Article 3810 VATS provides in part: " * * the holder of the debt to which the power is related shall at least 21 days preceding the date of sale serve written notice of the proposed sale by certified mail on each debtor obligated to pay such debt according to the records of such holder * * ".

Defendant admitted that no notice of sale was mailed to the debtor plaintiff, but such notice was instead mailed to an attorney who had represented plaintiff in a prior legal proceeding.

And the note secured by the deed of trust was never properly accelerated. No presentment was ever made, no demand for the delinquent installment was ever made, and no notice was given by defendants 30 days prior to their "acceleration". The totality of defendant's "acceleration" was a letter written by defendant Wilson to plaintiff notifying him the note was in default. Defendant Wilson testified "and we accelerated the unpaid principal on the note and called for it all to be paid in full and notified him further that we were posting the property for foreclosure sale to be held on *November 6, 1979* between the hours of 10:00 A.M. and 4:00 P.M. on the steps of the Johnson County Courthouse". (Emphasis supplied).

Our Supreme Court held in *Ogden v. Gibraltar Savings Association*, 640 S.W.2d 232, that *both:* 1) notice of intent to accelerate; and 2) notice of acceleration are necessary in order to have a valid foreclosure under a deed of trust. "Notice of intent to accelerate is necessary in order to provide the debtor an opportunity to cure his default prior to harsh consequences of acceleration and foreclosure. Proper notice that the debt has been accelerated * * cuts off the debtor's right to cure his default and gives notice that the entire debt is due and payable".

As noted only one notice of any type was ever sent plaintiff.

Plaintiff's 2 assertions supra are sustained, and judgment is here rendered setting aside the foreclosure sale.

REVERSED AND RENDERED.