Titus M. SHEARER and Matha Ruth
Shearer, Appellants,

v.

ALLIED LIVE OAK BANK, Appellee.

No. 13–87–506–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 6, 1988.

Rehearing Denied Nov. 3, 1988.

Shelby Jordan, Corpus Christi, for appellants.

Tonya B. Webber, Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and DORSEY, JJ.

OPINION

NYE, Chief Justice.

This is a declaratory judgment case. The trial court determined that plaintiff Allied Live Oak Bank's deed of trust was valid and created a valid lien on certain real property; that Titus Shearer and wife Matha Ruth Shearer's debt secured by the deed of trust was valid, not paid, and not extinguished; but that the foreclosure sale of the real property subject to the deed of trust was void because of improper notice. The trial court further found that the Shearers' claim of homestead was in vain and ordered that the Shearers take nothing by way of their cross-action against the bank.

On December 23, 1982, Titus Shearer executed an installment note to Allied Live Oak Bank (the Bank) for $33,953.40. A motor home was given as collateral for this note. This note stated that the motor home would also secure all of Titus Shearer's current and future debts and obligations with the bank. On May 31, 1983, the Shearers executed a second promissory note in the amount of $40,000.00 to the bank. The purpose of this loan was to pay other debts owed by the Shearers. This note was secured by a deed of trust on real property and the motor home, by virtue of the prior security agreement.

The Shearers defaulted on both notes. At the foreclosure sale of the real property, the bank purchased the real property for $82,218.80 which was the total amount of indebtedness owed to the bank by the Shearers. Later, the bank sold the motor home for $14,500.00. The proceeds from the sale of the motor home were also applied by the bank to an alleged indebtedness owed by the Shearers to the bank.

The Shearers argue by their second point of error that they are no longer indebted to the bank because their debt became extinguished when the bank purchased the real property for an amount equal to the total indebtedness owed by them to the bank.

The deed of trust required the bank to give the Shearers written notice by certified mail at least twenty-one days prior to the date of the foreclosure sale. A sale of real property under a power of sale conferred by a deed of trust must be proceeded by sending written notice of the sale by certified mail on each debtor at least twenty-one days prior to the sale. Tex.Prop. Code Ann. §§ 51.002(a) and 51.002(b)(3) (Vernon 1984). The bank admitted during pre-trial discovery that it did not send the Shearers written notice as required prior to the foreclosure sale. The bank's failure to send notice by certified mail as required by law and as required by the deed of trust was sufficient reason for the trial court to set aside the foreclosure sale of the real property. *See University Savings Association v. Springwoods Shopping Center,* 644 S.W.2d 705, 706 (Tex.1982) and *Tamplen v. Bryeans,* 640 S.W.2d 421, 422 (Tex. App.—Waco 1982, writ ref'd n.r.e.). Therefore, we find the evidence supports the trial court's judgment that the foreclosure sale of the real property subject to the deed of trust was void.

At the time of trial, the Shearers allegedly owed approximately $38,763.17 in

principal plus $14,468.14 in interest on the note secured by the deed of trust. Because the foreclosure sale was void, this debt is revived and considered outstanding. We find that the evidence is sufficient to establish that the debt secured by the deed of trust is valid, not paid, and not extinguished. Appellants' second point of error is overruled.

By their third point of error, appellants argue that the trial court erred in finding that appellee had an enforceable indebtedness upon which a lien could be asserted against the real property inasmuch as no indebtedness is due or owing.

The bank, in order to establish that it had a valid lien on the real property, had to show that the Shearers owed it a debt. *See Calvert v. Hull,* 475 S.W.2d 907, 911 (Tex.1972) and *Shipley v. Biscamp,* 580 S.W.2d 52, 54 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ).

The Shearers executed and delivered to the bank a note for the sum of $40,000.00 secured by a deed of trust on real property. Because the foreclosure sale of the real property was set aside, both parties assumed their original positions as debtor and creditor. Therefore, we hold that the trial court did not err in finding the bank's lien on the real property to be valid. Appellants' third point of error is overruled.

By their fourth point of error, appellants argue that the trial court erred in failing to award damages in their favor for the wrongful and improper conversion of the motor home, such damages being an extinguishment of the indebtedness claimed by the bank, or money and statutory damages.

The Shearers argue that they clearly alleged a cause of action for "conversion" in connection with the wrongful sale of the motor home. We disagree. To maintain a cause of action for conversion of the motor home, the Shearers had to plead and prove, generally, that they were the owners of the vehicle and had either possession or the right to immediate possession thereof at the time of its alleged conversion. *See Shelton v. Swift Motors, Inc.,* 674 S.W.2d 337, 341 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). In their second amended answer and cross-action, the Shearers alleged that the bank sold or caused to be sold a recreational vehicle which had belonged to them and which was pledged to secure the indebtedness. They did not plead that they had either possession or the right to immediate possession of the motor home at the time of its alleged conversion. The trial court did not err in failing to award damages for the alleged conversion of the motor home. Appellants' fourth point of error is overruled.

Appellants argue by their first point of error that because the bank did not give them notice before foreclosing upon their motor home, the trial court erred in not finding that the bank retained the motor home in lieu of the total indebtedness it secured.

The Shearers argue that since the bank failed to give them notice of the disposition of the motor home, it was not disposed of in a commercially reasonable manner. Therefore, the bank retained the motor home in full satisfaction of the total indebtedness owed by them to the bank. They cite as authority *Tanenbaum v. Economics Laboratory, Inc.,* 628 S.W.2d 769 (Tex. 1982). In *Tanenbaum,* the Supreme Court stated that in order for a creditor to sue for a deficiency after disposition of collateral in a commercially reasonable manner, the creditor must first comply with the notice provisions of Section 9.504 of the Texas Business and Commerce Code. If the creditor fails to give notice, he retains the collateral in full satisfaction of the debt. *Tanenbaum,* 628 S.W.2d at 772.

The bank admitted that it did not notify the Shearers of the sale of the motor home or of the date on which the sale would become effective. Mr. Shearer testified that the bank did not notify him that it intended to sell the motor home. We note, however, that the Shearers do not plead a cause of action for wrongful foreclosure of

the motor home. Moreover, it cannot be said that the alleged wrongful foreclosure of the motor home was tried by consent of the parties. Trying an issue by consent is only intended to apply in exceptional cases where it clearly appears from the record as a whole that the parties tried issues not pleaded. *Ranger Insurance Co. v. Robertson,* 707 S.W.2d 135, 142 (Tex.App.—Austin 1986, writ ref'd n.r.e.); Tex.R.Civ.P. 67. In the instant case, the record indicates that the alleged wrongful foreclosure of the motor home was not tried by consent. Therefore, this issue cannot be raised for the first time on appeal and is considered waived. Appellants' first point of error is overruled.

By their fifth point of error, appellants argue that the trial court erred in failing to grant their motion to amend pleadings to conform to the trial testimony and in excluding evidence on the absence of notice of the non-judicial repossession and foreclosure at private sale of the motor home.

On the last day of trial, the Shearers filed a motion to amend their pleadings. In this motion, they included an amended answer incorporating certain affirmative defenses. They alleged that the bank's debt had been paid, satisfied, and discharged by its failure to give them legal and adequate notice of the foreclosure sales of the real property, the motor home, and the disposition of the motor home. They also included an amended cross-action merged with the same lack of notice defense. This motion was denied in a letter addressed to both parties. No reason for the denial was given.

Tex.R.Civ.P. 66 provides in pertinent part that if evidence is objected to at trial on the ground that it is not within the issues made by the pleadings, or if during trial any defect, fault, or omission in the pleadings, either of form or substance, is called to the trial court's attention, the court may allow the pleadings to be amended unless the objecting party would be prejudiced in maintaining his action or defense.

It is well established that the action of the trial court in granting or refusing the right to amend the pleadings is a matter within the discretion of the trial judge, and his decision will not be disturbed on appeal unless there is a clear showing of an abuse of discretion. The complaining party bears the burden of showing an abuse of discretion. *Wendell v. Central Power & Light Co.,* 677 S.W.2d 610, 619 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

Applying this test to the instant case, we note that the Shearers failed to present, either in the statement of facts or in a bill of exceptions, the facts, attending the presentation of the amendment and the action of the trial court's refusal to permit it to be filed. We therefore will presume that the trial court did not abuse its discretion in denying the amendment. *See Patino v. Texas Employers Insurance Association,* 491 S.W.2d 754, 756 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.); *Wendell,* 677 S.W.2d at 619. Nevertheless, the bank opposed the amendment by stating that if it was granted, the bank would be denied the opportunity to plead and present evidence concerning the affirmative defenses and to obtain and present rebuttal evidence. We believe this to be an adequate demonstration of prejudice. Moreover, where it appears that the new matter was known to the parties seeking to file the amendment, or to their counsel, or by exercising reasonable diligence, it could have been known at a time which would have enabled them to include it in their former pleadings, or if the amendment injects a new matter, the request should be denied. *Wendell,* 677 S.W.2d at 619. We hold that by exercising reasonable diligence, the matter sought to be added by trial amendment could have been included before this case was tried. We find no abuse of discretion by the trial court in denying this amendment.

By this same point of error, the Shearers argue that the trial court erred in excluding evidence on the absence of notice of the non-judicial repossession and foreclosure at private sale of the motor home.

The Shearers' second amended answer and cross-action does not allege a cause of action concerning the non-judicial repossession and foreclosure of the motor home. Therefore, evidence relating to notice is not relevant and not admissible. *See* Tex.R.Civ.P. 402. Appellants' fifth point of error is overruled.

By their sixth point of error, appellants argue that the trial court erred in failing to find that the real property was their homestead which would have prevented the attachment of appellee's lien claims.

The real property securing the deed of trust is described as the south one-half of lot forty-four and all of lot forty-five. The plat indicates that there are six concrete pads which partially lie in both the south one-half of lot forty-four and in lot forty-five. Mr. Shearer testified that he purchased the property in 1976. That same year, he constructed a building on lot forty-five and began to use the structure as a business outlet. The concrete pads were finished before the property was mortgaged and were rented as parking spaces for recreational vehicles. His deposition testimony indicates that at the time the property was mortgaged, he was neither renting the pads nor operating a business out of the building on lot forty-five. At that time, the only business he was operating was one located in Corpus Christi. On direct-examination however, he testified that he was operating a business on lot forty-five at the time he mortgaged the property. He also testified that he had claimed both lots as his homestead since 1980.

The bank used a title company to close the loan secured by this property and to issue the mortgagee's title policy. A representative of the title company testified that Mr. Shearer told her that this property was not his homestead. He told her that he was closing out his business, and that he was in the process of moving everything out of the building and relocating to Corpus Christi. She also testified that she believed Mr. Shearer had a clear understanding of the word homestead. The Shearers executed an affidavit renouncing any homestead rights in the property. The deed of trust, also executed by the Shearers, indicates that this property did not constitute their homestead.

A loan officer for the bank, Mr. Leonard, testified that Mr. Shearer offered this property as collateral for the loan. Mr. Shearer told him that neither he nor his wife were living or working on this property. Mr. Shearer said that he was in the process of relocating. In fact, Mr. Shearer told him that the property was under a contract for sale or lease-purchase option. Before the bank approved the loan, Leonard examined the property and saw no one on the premises. He stated that the building looked vacant and deserted. He saw no recreational vehicles on the property and believed that no one was in the business of renting the pads. He saw no residence on the property. In fact, he saw no evidence of any business activity on this property and said that he noticed no inconsistencies with what Mr. Shearer told him about the property.

In approving the loan, the bank relied upon Leonard's examination, Mr. Shearer's representations, and the mortgagee's title policy. Leonard testified that the title policy would not have been issued if the property constituted the Shearer's homestead. He also stated that the bank would not have approved the loan if it was determined that the property was homestead.

It is the established rule of law in Texas that when the physical facts open to observation lead to a conclusion that the property in question is not the homestead of the mortgagor, and its use is not inconsistent with the representations made that the property is disclaimed as a homestead, and these representations were intended to be and were actually relied upon by the lender, then the owner is estopped from asserting a homestead claim in derogation of the mortgage to secure the loan. *Prince v. North State Bank of Amarillo,* 484 S.W.2d 405, 411 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.).

After reviewing the record, we hold that the evidence is sufficient to prove that the Shearers abandoned the property at the time the bank attempted to create its lien. We also hold that the Shearers are estopped from claiming the property as their homestead. Appellants' sixth point of error is overruled.

By their final point of error, appellants argue that the trial court erred in failing to award them reasonable attorneys fees as an element of damages.

The trial court ordered that each party should bear their own attorney's fees. The Shearers argue that Tex.Civ. Prac. & Rem.Code Ann. § 38.001(8) (Vernon 1986) allows them to recover attorney's fees based on the conversion of the motor home. They maintain that the conversion is grounded in a written contract. Section 38.001(8) does provide for the recovery of attorney's fees if the claim is based upon an oral or written contract. We have previously held that the Shearers failed to plead a cause of action for conversion of the motor home. Moreover, to recover attorney's fees under Section 38.001(8), the Shearers had to allege and prove that they presented their claim arising under the contract to the bank at least thirty days prior to the rendition of judgment, and that the bank refused to pay the claim. Neither the filing of a suit on a cause of action arising out of a contract nor the allegation of a demand in the pleadings can constitute the presentment of a claim or a demand that the claim be paid. *See Mackey v. Mackey,* 721 S.W.2d 575, 579 (Tex.App.—Corpus Christi 1986, no writ); *see also Western Casualty and Surety Co. v. Preis,* 695 S.W.2d 579, 589 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.).

We find no evidence to indicate that the Shearers presented their claim to the bank at least thirty days prior to the rendition of judgment and that the bank refused to pay the claim. We hold that the trial court did not err in failing to award the Shearers their attorney's fees. Appellants' final point of error is overruled.

The judgment of the trial court is AFFIRMED.

DORSEY, J., not participating.