NO. 12-00-00358-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


TERRY HENDERSON,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


NORMAN BLACK,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

 

PER CURIAM


 Terry Henderson appeals the trial court's judgment in which he was denied the cancellation
of a deed conveying his property to Norman Black. In one issue, Henderson complains that the trial
court erred when it granted summary judgment in favor of Black on Henderson's cause of action. 
We affirm.


Background

 Henderson, Edmund and Margaret Klingbeil, and Lori Elder purchased a 15.12 acre tract of
land in Henderson County, Texas from Harvey and Dorothy Parker. The deed of trust listed "104
Amy, Crandall, Texas" as the mailing address for the purchasers. The lien was later transferred to
Black. Black eventually foreclosed on the property by a trustee's sale, and Henderson filed suit
seeking to set aside the foreclosure due to lack of notice. 

 Black filed a Motion for Summary Judgment on the grounds that Henderson was given the
notice required by law for non-judicial foreclosure of liens. Henderson filed a response to Black's
motion, attaching his own affidavit. The trial court, however, granted Black's Motion for Summary
Judgment, and this appeal followed.


Summary Judgment Standard of Review

 In his sole issue, Henderson complains that the trial court erred when it granted Black's
Motion for Summary Judgment. In reviewing a 166a(c) summary judgment, this Court must apply
the standards established in Nixon v. Mr. Property Management Co., 690 S.W.2d 546 (Tex. 1985),
which are:


 1. The movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of law.


 2. In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true.


 3. Every reasonable inference must be indulged in favor of the non-movant and any
doubts resolved in its favor.


Id. at 548-49. For a party to prevail on a motion for summary judgment, he must conclusively
establish the absence of any genuine question of material fact and that he is entitled to judgment as
a matter of law. Tex. R. Civ. P. 166a(c). A movant must either negate at least one essential element
of the non-movant's cause of action, or prove all essential elements of an affirmative defense. 
Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); MMP, Ltd. v. Jones,
710 S.W.2d 59, 60 (Tex. 1986). Since the burden of proof is on the movant, and all doubts about
the existence of a genuine issue of a material fact are resolved against the movant, we must view the
evidence and its reasonable inferences in the light most favorable to the non-movant. Great Am.
Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). 

 Once the movant has established a right to summary judgment, the non-movant has the
burden to respond to the motion for summary judgment and present to the trial court any issues that
would preclude summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d
671, 678 (Tex. 1979). A summary judgment is improperly granted if the non-movant brings forth
more than a scintilla of probative evidence to raise a genuine issue of material fact. Moore v. K Mart
Corp., 981 S.W.2d 266, 269 (Tex. App.- San Antonio 1998, pet. denied). More than a scintilla of
evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions." Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d
706, 711 (Tex. 1997). Less than a scintilla of evidence exists when the evidence is "so weak as to
do no more than create a mere surmise or suspicion" of a fact. Kindred v. Con/Chem, Inc., 650
S.W.2d 61, 63 (Tex. 1983). We are not required to ascertain the credibility of affiants or to
determine the weight of evidence in the affidavits, depositions, exhibits and other summary
judgment proof. The only question is whether or not an issue of material fact is presented. 
Gulbenkian v. Penn, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). 


Notice Requirements

 When a creditor wishes to declare a note due, it is required to comply with three notice
requirements. First, it must make a formal demand for payment of monies past due. Allen Sales &
Servicenter, Inc. v. Ryan, 525 S.W.2d 863, 866 (Tex. 1975). After allowing the debtor a reasonable
period of time to make the payment, the creditor is required to give notice that the entire debt is due. 
Joy Corp. v. Nob Hill N. Properties, Ltd., 543 S.W.2d 691, 694 (Tex. Civ. App.- Tyler 1976, no
writ). Only after providing both notices, may the creditor proceed to give notice of a foreclosure
sale. See Tamplen v. Bryeans, 640 S.W.2d 421, 422 (Tex. App.- Waco 1982, writ ref'd n.r.e.). 
These notice requirements are codified in the Texas Property Code. Article 51.002(b) of the Texas
Property Code provides the method for giving notice of a foreclosure sale, as follows:


 (b) Notice of the sale, which must include a statement of the earliest time at which the sale will begin,
must be given at least 21 days before the date of the sale:


. . .


 (3) by the holder of the debt to which the power of sale is related serving written notice of the sale by
certified mail on each debtor who, according to the records of the holder of the debt, is obligated to
pay the debt.


Tex. Prop. Code Ann. § 51.002(b)(3) (Vernon 1995). "Service of notice [of trustee sale] by
certified mail is complete when the notice is deposited in the United States mail, postage prepaid and
addressed to the debtor at the debtor's last known address as shown by the records of the holder of
the debt." Tex. Prop. Code Ann. § 51.002(e) (Vernon 1995). However, the "last known address"
is not necessarily that address on the deed of trust. See Lido Int'l., Inc. v. Lambeth, 611 S.W.2d
622, 624 (Tex. 1981). When the creditor has actual knowledge of a more recent address than that
on the deed of trust, but does not mail it to that address, the creditor is not in compliance with the
Property Code notice provisions. Id. And when the creditor fails to give the notice required by law,
the purchaser is not a bona fide purchaser, making the foreclosure sale invalid. Houston First Am.
Savings v. Musick, 650 S.W.2d 764, 769 (Tex. 1983). Consequently, the debtor is entitled to
judgment canceling the deed conveyed in the foreclosure sale. Shearer v. Allied Live Oak Bank,
758 S.W.2d 940, 942 (Tex. App.- Corpus Christi 1988, pet. denied). 


Summary Judgment Evidence

 Black met his burden to show that he had given proper notice under the Texas Property Code. 
Attached to his Motion for Summary Judgment were copies of the notice letters, all mailed to the
address on the deed of trust. If Henderson had not responded to the motion, Black would have been
entitled to judgment as a matter of law. However, Henderson responded with his own affidavit. We
must now determine if Henderson raised a fact issue to preclude a summary judgment in Black's
favor. 

 In his affidavit, Henderson stated that he lived on the property upon which Black had
foreclosed, which was not the address on the deed of trust. He also testified that Margaret Klingbeil,
who executed the deed of trust along with Henderson, lived in a house on the same property. 
Klingbeil is Black's cousin. Henderson's mailbox, which is located on a public roadway, has
Henderson's name and address on it.

 Henderson argues that the above-stated evidence is enough to raise a fact issue as to proper
notice. However, there is no evidence that Black had ever been to the property in question, whether
to visit with his cousin or otherwise. It would be pure conjecture to state that Black knew of
Henderson's actual address simply because his cousin lived in close proximity to Henderson. We
do not know if Black even knew his cousin, or knew where his cousin lived, much less that he had
noticed Henderson's mailbox at some point in the past. Consequently, Henderson failed to bring
forth more than a mere scintilla of evidence to raise a fact question as to Black's knowledge of
Henderson's actual address, and Black was entitled to judgment as a matter of law. Accordingly,
we overrule Henderson's sole issue and affirm the judgment of the trial court.

Opinion delivered July 25, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.


(DO NOT PUBLISH)