Opinion issued May 1, 2003












In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01208-CV




NAIM SALEM, Appellant

V.

WAJEH KHALAF, Appellee




On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 1999-52685




MEMORANDUM OPINION
           Appellant, Naim Salem, sued appellee, Wajeh Khalaf, for wrongful foreclosure, and
Khalaf counterclaimed. A jury found in favor of Salem. The trial court granted Khalaf’s
motion for judgment notwithstanding the verdict as to money damages and rendered
judgment that both Salem and Khalaf take nothing in damages, that the trustee’s deed be
cancelled, and that title be quieted in Salem, subject to any deed of trust in Khalaf or other
third party. The trial court then, on its own motion, granted a new trial on all issues except
the cancellation of the trustee’s deed. 
           In the second trial, the jury found in favor of Khalaf on his counterclaim for the
balance due on the promissory note signed by Salem and secured by the property that was the
subject of the first trial. The trial court rendered judgment on the verdict, and Salem filed
this appeal. We reverse and remand for further proceedings. 
I. BACKGROUND
           In January 1993, Salem borrowed $255,000 from Khalaf to satisfy a lien on a
shopping center owned by Salem (the Holland property) . The loan was evidenced by a
promissory note bearing interest at 12% per annum and a deed of trust granting a first lien
on the Holland property and a second lien on another property (the Elgin property). In June
1994, Salem borrowed an additional $50,000 and executed a new promissory note for
$295,000, bearing interest at 15% and secured by a deed of trust on the same properties. In
December 1994, Salem also executed an assignment of rents, giving Khalaf the authority to
collect rents on the Holland property. (The deed of trust also assigned to Khalaf the rents on
both the Holland property and the Elgin property.) The rents were to be applied to the
monthly installments due on the promissory note. Salem then went to the Middle East, where
he stayed for several years. 
           In December 1995, about one year after Salem had left the country, Khalaf conducted
a non-judicial foreclosure of both properties. In October 1999, Salem sued to set aside the
foreclosure sale and for damages, and the case was tried to a jury, which found that Khalaf
owed Salem $4,056.75. The trial court rendered a judgment that Salem take nothing against
Khalaf and that Khalaf take nothing on his counterclaim against Salem. The trial court
cancelled the trustee’s deed, quieted title to the properties in Salem, and ordered a new trial
on the remaining issues. 
           The second trial was set for the week of September 10, 2001. On August 31, Khalaf
filed an amended answer and a counterclaim on the balance of the promissory note. On
September 10, Salem filed an amended petition alleging conversion and violations of the
DTPA


 and a motion for leave to file an amended petition. At a pre-trial hearing on
September 12, the trial court denied the motion for leave to file the amendment. A jury trial
was conducted on September 13 and 14. The jury found that Salem owed $260,080.19 on
the promissory note, that a reasonable and necessary attorney’s fee for Khalaf was $31,000,
and that there was no reasonable and necessary attorney’s fee for Salem. The trial court
rendered judgment that Khalaf recover from Salem $260,280.19, with interest at the rate of
15%, plus $31,000 in attorney’s fees, and that Salem take nothing from Khalaf. The
judgment also ordered that all monthly rental payments collected by Salem in August and
September 2001 be paid directly to Khalaf to be applied against the judgment and that,
beginning October 1, 2001, all monthly rental payments from the Holland and Elgin
properties be paid directly to Khalaf until the judgment was satisfied. The judgment awarded
attorney’s fees to Khalaf and recited the prior cancellation of the trustee’s deed and the
vesting of title to the two properties in Salem. Finally, in the judgment, the trial court “finds
that the original note and deed of trust dated January 29th, 1993, between the parties hereto,
is revived and subject to foreclosure if the note is not timely paid.” 
           On appeal, Salem presents four issues in which he contends that the trial court should
have (1) granted his motion for continuance, (2) allowed him to amend his petition to include
conversion and violations of the DTPA, (3) allowed him to impeach Khalaf with a prior
felony conviction, and (4) ruled that interest did not accrue during the period of wrongful
foreclosure. In a fifth issue, he also contends that the judgment is not supported by the
pleadings or evidence and the jury’s finding that he is not entitled to attorney’s fees was
contrary to the evidence and the law. 
II. DISCUSSION
A. Sufficiency of Pleading and Proof
           In his fifth issue, Salem contends that the judgment entered by the trial court is
erroneous as a mater of law and should be set aside because it awards a money judgment and
also revives the note and deed of trust underlying the award, is not supported by the
pleadings or evidence, and does not conform to the jury’s verdict. Salem specifically
complains about the following: 
           (1)      The judgment is both a money judgment for the balance of the note and
interest and a revival of the original note and deed of trust dated January 29,
1993, making the deed of trust subject to foreclosure if the note is not paid. 
Khalaf is not entitled to both a judgment and the revival of the note, deed of
trust, and assignment of rents.
 
           (2)      There was no pleading or proof to support the award of $260,218.19 to Khalaf. 
 
           (3)      The post-judgment interest rate should not be 15% per annum.
 
           (4)      There was no pleading to support the assignment of rents to Khalaf. 
 
           (5)      The Elgin property is not subject to the note and deed of trust. 

           It is well-settled that a judgment must conform to the pleadings. Tex. R. Civ. P. 301;
Concrete Const. Supply, Inc. v. M.F.C., Inc., 636 S.W.2d 475, 483 (Tex. App.—Dallas 1982,
no writ). 
           1. Money Judgment and Revival of the Note
           Salem complains that the judgment erroneously awards a money judgment and a
revival of the promissory note and deed of trust. The judgment does not make such a double
award. The judgment awards Khalaf $260,280.19 as the balance of the note and “finds” that
the note and deed of trust are revived. However, the trial court’s “finding” is not binding
because it is not a rendition of judgment. It is generally improper for a trial court to make
findings of fact following a jury trial, and such findings are not binding. Rathwell v.
Morrison, 732 S.W.2d 6, 16 (Tex. App.—Houston [14th Dist.] 1987, no writ). 
            The logical result of the cancellation of the trustee’s deed and quieting of title in
Salem—the judgment in the first trial—was the revival of the promissory note and deed of
trust. Khalaf’s counterclaim requesting the award of the balance on the promissory note was,
in effect, an acceleration of the revived note. See Smith v. Davis, 453 S.W.2d 340, 346 (Tex.
Civ. App.—Fort Worth 1970, writ ref’d n.r.e) (recognizing that mere filing of suit on note
to collect entire debt is exercise of option to accelerate note). The final judgment reduces
that note to a money judgment. See Emmert v. Drake, 224 F.2d 299, 303 (5th Cir. 1955)
(noting that plaintiff’s suit in state court reduced note to judgment). 
           The trial court’s “finding” that the promissory note and deed of trust were revived and
were subject to foreclosure if the note was not timely paid was not a rendition of judgment,
although it strongly implied that both forms of relief exist simultaneously. In this case, the
finding was not only improper, it was incorrect, because the note was merged into the
judgment. 
           We overrule Salem’s challenge to the award of both money damages and revival of
the note. 
           2. Excessive Award
           Salem also contends that there was no pleading or proof to support the excessive
award to Khalaf of $260,218.19. In Khalaf’s counterclaim, he prayed for $255,483.56 “as
of August 1st, 2001 . . . .” Khalaf did not request leave to file a trial amendment to increase
the amount that he sought. Therefore, the trial court was limited to rendering judgment on
the amount pleaded. See Concrete Const., 636 S.W.2d at 483-84. We sustain Salem’s
complaint regarding excessive damages. 
           3. Post-Judgment Interest
           Salem complains that Khalaf is not entitled to post-judgment interest at the rate of
15%, as awarded in the judgment. The rate of post-judgment interest is governed by section
304.003 of the Texas Finance Code. See Tex. Fin. Code Ann. § 304.003 (Vernon Supp.
2003). The post-judgment interest rate for September 2001 was 10%. 26 Tex. Reg. 6755
(2001). We sustain Salem’s challenge to the rate of post-judgment interest. 
           4. Assignment of Rents
           Salem complains that there was no pleading to support the assignment of rents from
the properties to Khalaf. We agree. In his counterclaim, Khalaf requested only a money
judgment and attorney’s fees, not an assignment of rents. He was therefore not entitled to
the assignment of the rental income. See Concrete Const., 636 S.W.2d at 483-84. We
sustain Salem’s challenge to the assignment of rents. 
           5. Elgin Property
           Salem contends that the Elgin property is not subject to the note and deed of trust. 
However, Salem admits that he signed a “new promissory note” on December 4, 1994 and
that the note was secured by a deed of trust “on the same properties.” The deed of trust
dated January 29, 1993 also granted liens against both the Holland property and the Elgin
property. Furthermore, we view Salem’s assertion that the second note was secured by a
deed of trust on the same properties as a judicial admission. See Jansen v. Fitzpatrick, 14
S.W.3d 426, 431 (Tex. App.—Houston [14th Dist.] 2000, no pet.). We overrule Salem’s
complaint concerning the Elgin property. 
           We sustain sub-issues two, three, and four of Salem’s fifth issue and overrule sub-issues one and five.
B. Accrual of Interest
           In his fourth issue, Salem contends that the trial court erred in its ruling that interest
continues to accrue on a debt after the real property securing the debt has been wrongfully
foreclosed upon and converted to the creditor’s use to the exclusion of the debtor. Salem
argues that, after Khalaf foreclosed on the property, Khalaf “personally held and enjoyed the
rents and revenues from the property” for six years and, therefore, Salem should not be
required to pay the interest during those years. 
           Shearer v. Allied Live Oak Bank, 758 S.W.2d 940, 942-43 (Tex. App.—Corpus Christi
1988, writ denied), which is cited by Salem, does not support his argument. In Shearer, the
appellants argued that, although the foreclosure sale of their property was voided, the
wrongful foreclosure extinguished their debt. Id. at 942. The court of appeals disagreed,
stating, 
At the time of trial, the Shearers allegedly owed approximately
$38,763.17 in principal plus $14,468.14 in interest on the note secured by the
deed of trust. Because the foreclosure sale was void, this debt is revived and
considered outstanding. We find that . . . the debt secured by the deed of trust
is valid, not paid, and not extinguished. 

Id. at 942-43. Thus, the court of appeals included the interest, as well as the principal, in its
determination that “this debt” was revived. 
           Henke v. First S. Props., Inc., 586 S.W.2d 617 (Tex. Civ. App.—Waco 1979, writ
ref’d n.r.e.), also cited by Salem, is distinguishable on its facts. In Henke, the trial court did
not award the interest of each installment payment occurring pendente lite to the appellee
because the appellee never demanded payment and because, when the appellants tendered
payments, the appellee’s subrogors refused the tenders. Id. at 619. The court of appeals
overruled the appellee’s cross-points on this issue, without citation to any authority, as
“without merit.” Id. at 621. 
           We hold that, when the trustee’s deed was cancelled, Salem’s debt, including the
interest that had accrued during the time Khalaf was in possession of the properties, was
revived. We overrule Salem’s fourth issue. 
C. Impeaching Khalaf
           In his third issue, Salem contends that the trial court abused its discretion in refusing
to allow him to impeach the credibility of Khalaf by questioning him regarding his prior
felony conviction for mail fraud. At the pretrial hearing, the trial court granted Khalaf’s
motion in limine requiring Salem to seek permission outside the presence of the jury to use
Khalaf’s conviction for purposes of impeachment. On appeal, Salem does not direct us to,
and we are unable to find, any request by Salem, during Khalaf’s testimony, to impeach
Khalaf with the conviction. 
           A motion in limine does not preserve a complaint for appellate review. Texas Capital
Secs., Inc. v. Sandefer, 58 S.W.3d 760, 770 (Tex. App.—Houston [1st Dist.] 2001, pet.
denied). Accordingly, we overrule Salem’s third issue. 
D. Attorney’s Fees
           In his sixth issue, Salem contends that the jury’s finding that he was not entitled to
attorney’s fees was contrary to the evidence and law. Salem also argues that the jury’s award
of attorney’s fees to Khalaf was against the great weight and preponderance of the evidence
and that Khalaf was not entitled to attorney’s fees as a matter of law. Salem does not cite any
authority for either contention. Furthermore, he does not refer to the reporter’s record to
support his argument that the findings were not supported by the evidence. Therefore, Salem
has waived his complaint regarding attorney’s fees. See RE/MAX of Texas, Inc. v. Katar
Corp., 961 S.W.2d 324, 328 (Tex. App.—Houston [1st Dist.] 1997, pet. denied). We
overrule Salem’s sixth issue. 
E. Motion for Continuance
           In his first issue, Salem contends that the trial court should have granted his motion
for continuance. The motion was not supported by an affidavit. 
           Rule 251 provides that a continuance shall not be granted “except for sufficient cause
supported by affidavit, or by consent of the parties, or by operation of law.” Tex. R. Civ. P.
251. General allegations in the motion are not sufficient; the motion or the affidavit must
state specific reasons for the request. See Blake v. Lewis, 886 S.W.2d 404, 409 (Tex.
App.—Houston [1st Dist.] 1994, no writ). Granting or denying a motion for continuance is
within the sound discretion of the trial court. Id. If a motion for continuance is not verified
or supported by affidavit, the appellate court will presume that the trial court did not abuse
its discretion in denying the motion. Southwest Country Enters., Inc. v. Lucky Lady Oil Co.,
991 S.W.2d 490, 493 (Tex. App.—Fort Worth 1999, pet. denied). 
           In this case, Salem did not support his motion for continuance with an affidavit. 
Therefore, we presume that the trial court did not abuse its discretion in denying the motion. 
We overrule Salem’s first issue. 
F. Amended Petition
           In his second issue, Salem contends that the trial court abused its discretion in refusing
to allow him to amend his petition to include causes of action for conversion and violations
of the DTPA.



           Rule 63 provides that pleadings offered for filing less than seven days from the date
of trial may be filed only with leave of court and that such leave shall be granted unless there
is a showing of surprise by the opposing party. See Tex. R. Civ. P. 63. However, an
amendment of a pleading that asserts a new cause of action is prejudicial on its face. 
Greenhalgh v. Serv. Lloyds Ins. Co., 787 S.W.2d 938, 939 (Tex. 1990) (citing Hardin v.
Hardin, 597 S.W.2d 347 (Tex. 1980)). We review the trial court’s ruling for abuse of
discretion. See Id.
           In this case, Salem attempted to amend his petition to add two new causes of action
on the date of the trial setting and two days before the case was actually called to trial. The
trial court did not abuse its discretion in denying Salem’s motion for leave to file the
amended petition. We overrule Salem’s second issue. 
III. CONCLUSION
           Having sustained Salem’s complaints regarding the award of a sum of damages
greater than that pleaded, the award of post-judgment interest at the rate of 15%, and the
assignment of rents, we reverse the judgment of the trial court and remand the cause for entry
of judgment consistent with this opinion.
 
                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.